Sloan v. Queen Ins. Co. of America, 186 Ill. App. 82.

## Abstract of the Decision.

1. INSURANCE, § 131*—*property covered by insurance policy.* Where a fire policy described the property insured as being "on stock of merchandise consisting chiefly of ladies' suits, skirts and jackets, manufactured and in the process of manufacture, and all the materials used in the manufacture of the same, their own or held by them in trust, or on commission," *held* that the policy covered furs and skins not owned by the insured but held by him "on memorandum," to be sold in the name of the owner, though the insured's compensation for selling them was fixed at a certain proportion of the profits.

2. INSURANCE, § 218*—*when printed condition in policy qualified by special provision.* A general printed condition in a fire insurance policy which stated: "This policy, unless otherwise provided by agreement indorsed thereon or added thereto, shall be void * * * if the interest of the insured be other than unconditional and sole ownership," *held* qualified by a special provision covering property held by the insured "in trust or on commission."

3. INSURANCE, § 669*—*when amount recovered on fire policy not sustained by the evidence.* In an action on a fire insurance policy, a verdict for the plaintiff *held* to be against the weight of the evidence as to the amount of loss sustained, it appearing that the amount of loss as stated in plaintiff's proof of loss and in the appraisers' report was excessive and that the jury may have acted upon the erroneous assumption that the report of appraisers was conclusive.

------

## Nathan Sloan, trading as Nathan Sloan & Company for use of First National Bank of Chicago, Defendant in Error, v. Queen Insurance Company of America, Plaintiff in Error.

### Gen. No. 19,119.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed April 23, 1914.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

### Statement of the Case.

This case *held* to be controlled by the decision in *Sloan v. Boston Ins. Co., ante,* p. 81.

It was tried by stipulation upon the same record as in that case, except that the loss sued for was claimed under another one of the seventeen policies referred to in the opinion in that case. This case was submitted to the court for trial without a jury and was tried by the same judge who presided at the trial in the former case.

CHARLES B. OBERMEYER, for plaintiff in error.

FRANK M. FAIRFIELD, for defendant in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

---

### Lena Bieber, Appellee, v. Fred Thoma et al., Appellants.

### Gen. No. 19,790.

1. APPEAL AND ERROR, § 113*—*when appeal may be dismissed for failure of one defendant to sign appeal bond.* Where the record does not show that all the persons who joined in a prayer for an appeal signed the appeal bond, the appeal may be dismissed.

2. APPEAL AND ERROR, § 936*—*when amendment of record unauthorized.* At a subsequent term, an order of the trial court amending a previous order *nunc pro tunc* so as to show that an appeal was separately prayed, *held* to be of no force and effect where the minutes, files, records or papers offered in evidence did not prove or tend to prove that the record of the previous order was incorrect.

3. APPEAL AND ERROR, § 936*—*when recital in a bill of exceptions no basis for amendment of record.* A court at a subsequent term

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.